# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Jared Fyle,

               Plaintiff,

v.

Tyler Leibfried, acting in his
individual capacity as a Duluth
Police Officer, and the City of
Duluth,

               Defendants.

File No.: 0:23-cv-03466-KMM-LIB

**ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANT
CITY OF DULUTH**

---

For its Answer to Plaintiff's Complaint, Defendant City of Duluth (the City) states and alleges as follows:

1.     Except as hereinafter expressly admitted, qualified, denied, or otherwise answered, the City denies each and every allegation, matter, and thing in the Complaint, including in its headings, images, unnumbered paragraphs, and numbered paragraphs.

2.     To the extent the Complaint quotes or relies on statements in reports, investigation summaries, trial transcripts, video recordings, or other sources, the City affirmatively states that the source materials speak for themselves, and citation of those materials in the Complaint does not make the materials or the statements contained in them admissible as evidence in this case.

3. To the extent Paragraph 1 of the Complaint consists of legal conclusions, no response is required. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 1, and therefore denies them.

4. In response to the allegations in Paragraph 2 of the Complaint, the City admits that on September 12, 2020, Duluth Police Officers Lindsholm and Leibfried responded to calls for service related to a disturbance at Plaintiff's apartment, which they later learned involved Plaintiff and Kosloski. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and therefore denies them.

5. In response to the allegations in Paragraph 3 of the Complaint, the City admits that two loud "bangs" emanated from Plaintiff's apartment; that Officer Leibfried fired six shots from his service weapon; and that Plaintiff was hit once in the back. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies them.

6. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies them.

7. To the extent Paragraph 5 of the Complaint consists of legal conclusions, no response is required. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 5, and therefore denies them.

8. To the extent Paragraph 6 of the Complaint consists of legal conclusions, no response is required. The City lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 6, and therefore denies them.

9.  In response to the allegations in Paragraph 7 of the Complaint, the City states that Officer Leibfried's body-worn camera recording speaks for itself. The City denies the allegations in Paragraph 7 to the extent the allegations are inconsistent with that recording. To the extent Paragraph 7 alleges facts not recorded, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

10.  The City denies the allegations in Paragraph 8 of the Complaint.

11.  In response to the allegations in Paragraph 9 of the Complaint, the City admits only that Officer Leibfried was off-duty for a period following the incident on September 12, 2020; that the St. Louis County Attorney's Office prosecuted Officer Leibfried for Assault in the Second Degree and Intentional Discharge of a Firearm that Endangers Safety; and that a jury acquitted him. The City lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 9, and therefore denies them.

12.  Paragraph 10 of the Complaint contains only legal conclusions, to which no response is required.

13.  The City lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint, and therefore denies them.

14.  In response to the allegations in Paragraph 12 of the Complaint, the City admits that Officer Leibfried was a duly appointed Duluth police officer. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining

factual allegations in Paragraph 12. To the extent Paragraph 12 contains legal conclusions, no response is required.

15. The City admits the allegations in Paragraph 13 of the Complaint.

16. Paragraphs 14, 15, and 16 contain only legal conclusions to which no response is required.

17. In response to the allegations in Paragraph 17 of the Complaint, the City admits that Officer Leibfried arrived at Kingsley Heights apartments after 9-1-1 dispatch had received two calls reporting a domestic disturbance. The City lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17 and therefore denies them.

18. In response to the allegations in Paragraph 18 of the Complaint, the City admits that Officer Leibfried encountered Ms. Kosloski near the entrance to the Kingsley Heights apartments. The City lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18 and therefore denies them.

19. In response to the allegations in Paragraph 19 of the Complaint, the City admits that Officer Lindsholm arrived at the Kingsley Heights apartments after Officer Leibfried. The City further states that the officers' body-worn camera video recordings speak for themselves, and the City denies the allegations to the extent they are inconsistent with the recordings.

20. The City lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint. The City further states that the term "dealings" is so vague as to be incapable of a response.

21.     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 21, 22, 23, 24, 25, 26, and 27.  By way of further response, the City states that the record of Officer Lindsholm's and Officer Leibfried's interviews with the Bureau of Criminal Apprehension, quoted in Paragraphs 25 and 26, speak for themselves.

22.     In response to the allegations in Paragraph 28 of the Complaint, the City admits only that Officer Leibfried walked in front of Officer Lindsholm on the third floor of the Kingsley Heights apartments toward Unit 301.  The remaining allegations in Paragraph 28 are too vague as to be capable of a response, and the City therefore denies them.

23.     The City states that the allegations in Paragraph 29 are too vague and confusing to be capable of a response, and the City therefore denies them.

24.     The City admits the allegations in Paragraph 30 of the Complaint.

25.     The City denies the allegations in Paragraph 31 of the Complaint.

26.     In response to the allegations in Paragraph 32 of the Complaint, the City admits only that Officer Leibfried positioned himself to the side of the door to Unit 301. The City denies the remaining allegations in Paragraph 32.

27.     The City lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 of the Complaint.  By way of further response, the City states that Officer Lindsholm's body-worn camera video recording speaks for itself.  The City denies the allegations to the extent they are inconsistent with that recording.

28.     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, and 43 of the Complaint, and therefore denies them.

29.     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 44 and 45 of the Complaint, and therefore denies them.  By way of further response, the City states that Officer Lindsholm's and Officer Leibfried's body-worn camera video recordings speak for themselves.  The City denies the allegations to the extent they are inconsistent with those recordings.

30.     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore denies them.

31.     The City lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 47 of the Complaint, and therefore denies them.  To the extent Paragraph 47 contains legal conclusions, no response is required.

32.     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 48 and 49 of the Complaint, and therefore denies them.

33.     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore denies them.  By way of further response, the City states that Officer Leibfried's body-worn camera video recording speaks for itself.  The City denies the allegations to the extent they are inconsistent with that recording.

34. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 51, 52, 53, 54, 55, 56, 57, and 58 of the Complaint, and therefore denies them. To the extent Paragraphs 56 and 57 contain legal conclusions, no response is required.

35. Paragraph 59 of the Complaint contains only legal conclusion, to which no response is required.

36. The City admits the allegations in Paragraph 60 of the Complaint.

37. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 61, 62, 63, and 64 of the Complaint, and therefore denies them. By way of further response, the City states that Officer Leibfried's body-worn camera video recording speaks for itself. The City denies the allegations to the extent they are inconsistent with that recording.

38. The City denies the allegations in Paragraph 65 of the Complaint.

39. In response to the allegations in Paragraph 66 of the Complaint, the City admits only that Officer Leibfried responded to a call for service on January 13, 2019, in which shots were fired. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and therefore denies them.

40. The City denies the allegations in Paragraph 67 of the Complaint. By way of further response, the City states that the excerpted material does not relate or refer in any way to events of January 13, 2019.

41.     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 68 and 69 of the Complaint.

42.     Paragraph 70 of the Complaint contains only legal conclusions and argument, to which no response is required.  To the extent a response is required, the City denies the allegations.

43.     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 71, 72, and 73 of the Complaint, and therefore denies them.

44.     In response to the allegations in Paragraph 74 of the Complaint, the City denies that Plaintiff was unarmed.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and therefore denies them.

45.     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 75, 76, 77, 78, 79, and 80 of the Complaint, and therefore denies them.

46.     In response to the allegations in Paragraph 81 of the Complaint, the City admits only that it found that Officer Leibfried's conduct contrary to policy and training, and that it placed Officer Leibfried off-duty for a period following September 12, 2020.  By way of further response, the City states that the cited press release speaks for itself, and the City denies the allegations to the extent they are inconsistent with the release.

47.     In response to the allegations in Paragraph 82 of the Complaint, the City admits Officer Leibfried was charged with Assault in the Second Degree and Intentional

Discharge of a Firearm that Endangers Safety; that a jury acquitted him of the charges; and that Officer Leibfried is a police officer with the City as of the Answering date. The City denies the remaining allegations of Paragraph 82.

48.     The City denies the allegations in Paragraph 83 of the Complaint.

49.     In response to the allegations in Paragraph 84 of the Complaint, the City admits only that Sgt. Olejnicak reviewed Officer Leibfried's use of force, and that Sgt. Olejnicak reviewed appropriate source materials.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 84.  By way of further response, the City states that the cited trial transcript speaks for itself, and the City denies the allegations to the extent they are inconsistent with the transcript.

50.     In response to the allegations in Paragraph 85 of the Complaint, the City admits only that Robert Shene reviewed Officer Leibfried's use of force; and that Mr. Shene previously served in the Duluth Police Department.  By way of further response, the City states that the cited trial transcript speaks for itself, and the City denies the allegations to the extent they are inconsistent with the transcript.

51.     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 86, 87, 88, and 89 of the Complaint, and therefore denies them.  To the extent that Paragraph 89 contains a legal conclusion, no response is required.

52. Paragraphs 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, and 101 of the Complaint consist of legal conclusions, speculation, and argument to which no response is required. To the extent a response is required, the City denies the allegations.

53. In response to the allegations in Paragraph 102 of the Complaint, the City incorporates its responses to each of the previous paragraphs.

54. Paragraphs 103, 104, 105, 106, and 107 are directed at a different defendant and consist of legal conclusions and argument to which no response is required. To the extent a response is required, the City denies the allegations.

55. In response to the allegations in Paragraph 108 of the Complaint, the City incorporates its responses to each of the previous paragraphs.

56. The City denies the allegations in Paragraphs 109, 110, 111, 112, 113, 114, and 115 of the Complaint. By way of further response, the City states that the cited trial testimony speaks for itself.

57. Paragraphs 116 and 117 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations.

58. The City denies that Plaintiff is entitled to any of the relief he requests.

## AFFIRMATIVE DEFENSES

59. The allegations in the Complaint fail to state any claim to relief against the City.

60. Plaintiff's injuries or damages, if any, were caused, in whole or in part, by Plaintiff's own conduct.

61. Plaintiff failed to mitigate or avoid his injuries or damages, if any.

62. At all relevant times, the City properly trained its police officers, including Officer Leibfried.

63. The facts of this case not having been fully developed, the City expressly reserves the right to supplement and affirmatively plead any other defenses, whether set forth in Fed. R. Civ. P. 8 or otherwise, that may become applicable to this action upon further discovery.

WHEREFORE, the City of Duluth prays that the Court enter judgment in favor of the City of Duluth and against Plaintiff, including all statutory, necessary, and reasonably incurred attorney's fees, costs, and disbursements; and that the Court provide such other relief to the City of Duluth as the Court may deem just, equitable, and proper.

Dated: January 8, 2024     REBECCA ST. GEORGE, City Attorney

            and

            s/Elizabeth Sellers Tabor
            ELIZABETH SELLERS TABOR (#0395652)
            Assistant City Attorney
            etabor@duluthmn.gov
            PAIGE V. ORCUTT (#0399467)
            Assistant City Attorney
            porcutt@duluthmn.gov
            411 West First Street, Rm. 440
            Duluth, MN 55802
            Telephone: 218-730-5281
            *Attorneys for the City of Duluth*